IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BILINDA ROSE IRENE OLIVER                                                    PLAINTIFF

vs.                       Civil No. 3:19-cv-03079-PKH-MEF

ANDREW M. SAUL, Commissioner,                                                DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Bilinda Rose Irene Oliver, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff protectively filed her current application for DIB and SSI on March 21, 2017. (ECF No. 13, p. 15). Plaintiff alleges disability since March 21, 2017, due to: osteoarthritis in both knees; nerve damage in both wrists; right elbow problems; problems in both shoulders, with a torn rotator cuff on the right and a slight tear on the left; anxiety; back problems; depression; short term

1

memory loss; severe migraines; high blood pressure; high cholesterol; and, numbness in both arms from the elbows down through both hands. (*Id*., pp. 15, 270).

Plaintiff's applications were denied initially and upon reconsideration. (*Id*., pp. 15, 138-140, 149-152). An administrative hearing was held on January 18, 2019, before the Hon. Edward M. Starr, Administrative Law Judge ("ALJ"). (*Id*., pp. 15, 30-59). Plaintiff and a vocational expert ("VE"), Larry Seifert, testified. (*Id*.). Plaintiff was represented by counsel, Donna M. Price. (*Id*.).

By written decision dated February 20, 2019, the ALJ found Plaintiff had the following severe impairments: obesity, osteoarthritis, bilateral carpal tunnel syndrome, fibromyalgia, disorder of the spine, anxiety, and an affective disorder. (*Id*., pp. 12, 18). The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any impairment in the Listing of Impairments. (*Id*., pp. 18-19). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) except occasional climbing, balancing, crawling, kneeling, stooping, and crouching. She can occasionally reach overhead with the dominant right upper extremity. She can frequently handle bilaterally. She can occasionally interact with supervisors, coworkers, and the public. She can respond to supervision that is simple, direct, and concrete. (*Id*., pp. 19-21).

The ALJ found that Plaintiff was unable to perform any of her past relevant work ("PRW"), but with the assistance of the VE, the ALJ determined Plaintiff could perform the requirements of the representative occupations of: compact assembler, with 3,000 jobs in the national economy, and printed circuit board checker, with 3,767 jobs in the national economy. (*Id*., pp. 21-22). The ALJ concluded that Plaintiff had not been under a disability as defined by the Act during the relevant period. (*Id*., p. 22).

On August 26, 2019, the Appeals Council denied Plaintiff's request for review. (*Id*., pp. 6-10). Plaintiff filed this action on October 30, 2019. (ECF No. 2). This matter is before the

undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 16, 19), and the case is ready for decision.

## II. Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.  Discussion

Plaintiff raises the following issues in this appeal: (1) whether the ALJ failed to properly consider, evaluate, and weigh the medical evidence; (2) whether the ALJ failed to adequately account for all of Plaintiff's impairments in his RFC assessment and hypothetical to the vocational expert; (3) whether the ALJ failed to follow the proper legal standards in evaluating Plaintiff's consistency, and whether his analysis was supported by substantial evidence; and, (4) whether the ALJ erred his evaluation of Plaintiff's obesity. (ECF No. 16, pp. 1-12). After a thorough review of the record, the undersigned agrees that the ALJ's mental RFC assessment is not supported by substantial evidence.

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). However, the ALJ is not required to function as the claimant's substitute

counsel, but only to develop a reasonably complete record. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994)). While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

Of concern to the undersigned is the ALJ's treatment of Plaintiff's mental impairments. The ALJ only briefly discussed Plaintiff's mental impairments and treatment record, noting Plaintiff's discharge from treatment at Health Resources of Arkansas in September 2018 and treatment at Counseling Associates thereafter. (ECF No. 13, pp. 20-21, 997-98). The ALJ noted the discharge showed Plaintiff had improvement in the areas of reducing anxiety and increasing coping skills, but also that Plaintiff was discharged due to the clinic closing and she was being referred elsewhere. (*Id.*).

Plaintiff had a mental diagnostic evaluation with consultative examiner Dr. Hester on March 6, 2018. (*Id.*, pp. 727-35). Dr. Hester opined Plaintiff may not be able to cope with the mental demands of basic work tasks until she made more progress in therapy, and that she may not be able to complete work tasks in an acceptable time frame due to pain issues. (*Id.*, p. 733). The ALJ did not discuss or even acknowledge Dr. Hester's examination or opinions as required under 20 C.F.R. §404.1527(c). (*Id.*, pp. 20-21, 727-35).

The only opinion evidence regarding Plaintiff's mental RFC the ALJ considered appears to be that of non-examining consultant Dr. Brown which was offered on March 7, 2018, and which the ALJ gave little weight. (*Id.*, p. 21, 134). The ALJ afforded Dr. Brown's opinion that Plaintiff had no severe impairment little weight because the treatment record reflected a history of

medication management and individual therapy for her mental impairments. (*Id*.). The ALJ did not discuss, however, any reasons for not crediting or accounting for Dr. Brown's opinion that Plaintiff would be limited to work where interpersonal contact is incidental to the work performed and complexity of tasks is learned by rote, few variables, little judgment. (*Id*., pp. 21, 134).

Having ignored Dr. Hester's mental RFC opinion and afforded little weight to the opinion of the non-examining State agency physician, the ALJ's mental RFC determination is tantamount to the ALJ "playing doctor," a practice forbidden by law. *Pate-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009), citing *Rohan v. Chater*, 98 F.3d 966 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

Remand is necessary to allow the ALJ to further consider Plaintiff's mental RFC. On remand, the ALJ should request a complete mental RFC assessment from Plaintiff's treating mental health providers for the relevant period. If Plaintiff's treatment providers are unable or unwilling to provide an RFC assessment, then the ALJ should order a consultative examination with a psychiatrist, complete with a thorough mental RFC assessment. With this additional evidence, the ALJ should re-evaluate the Plaintiff's mental RFC, explicitly considering each piece of opinion evidence in the record and reconsider his step four and step five findings.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

## IV.     Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the District Court.**

DATED this 19th day of October 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE